*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*3:14cr75-003/MCR - FRANK A. ROGERS*

*Page 1 of 8*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

### UNITED STATES OF AMERICA

-vs-                                        **Case # 3:14cr75-003/MCR**

**FRANK A. ROGERS**

**USM # 23054-017**

**Defendant's Attorney:**
**Michelle L. Hendrix (Appointed)**
**315 South Palafox Street**
**Pensacola, Florida 32502**

### JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Counts One and Two of the Indictment on September 23, 2014. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such counts which involve the following offenses:

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Possess Stolen Firearms | August 28, 2014 | One |
| 18 U.S.C. § 922(j), 18 U.S.C. §§ 924(a)(2) and (2) | Possession of Stolen Firearms | August 28, 2014 | Two |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
January 30, 2015

M. CASEY RODGERS
CHIEF UNITED STATES DISTRICT JUDGE

February ___, 2015

Rec'd 02 09 15 UsDcFln3PM0357

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **121 months. This sentence is comprised of 1 month as to Count One and 120 months as to Count Two, with said terms to run consecutively, one with the other.**

The court recommends that the defendant be designated to a facility for confinement near to Pensacola, Florida. The court recommends the defendant be designated to a facility where he can enter the BOP's Life Skills Residential Program early in his custodial status.

The court identifies the defendant as a person in need of a focused, intensive substance abuse treatment program, both during incarceration and on reentry through a residential reentry center.

The court recommends the defendant's placement into the BOP's Residential Drug Abuse Program. The court also recommends any and all Cognitive Behavioral Therapy programming that the BOP can provide to the defendant. Additionally, while awaiting placement into RDAP, or, if deemed ineligible for RDAP due to the time of sentence, or for any other reason, the court orders the defendant to complete Drug Education classes and fully participate in the BOP's nonresidential drug abuse treatment program.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to Counts One and Two, with said terms to run concurrently, one with the other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10.   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11.   The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12.   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13.   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14.   If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1.   Any unpaid restitution balance shall be paid in monthly installments of not less than $100 per month to commence within three months of the defendant's release from custody.

2.   The defendant shall provide the probation officer with access to any requested financial information and report the source and amount of personal income and financial assets to the supervising probation officer as directed.

3.   The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless he has satisfied his restitution obligation.

4.   The defendant shall not transfer or dispose of any asset, or his interest in any asset, without the prior approval of the probation officer unless or until he has satisfied his restitution obligation.

5.   The defendant shall submit his person, property, house, residence, and vehicle, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of supervised release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

6.   The defendant shall be evaluated for substance abuse and referred to treatment as determined necessary through an evaluation process. Treatment is not limited to, but may include participation in a Cognitive Behavior Therapy program. The defendant may be tested for the presence of illegal controlled substances at any time during the term of supervision. The court may consider removing this condition if the defendant has remained drug-free and upon favorable recommendation from the supervising U.S. Probation Officer.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*3:14cr75-003/MCR - FRANK A. ROGERS*

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____     _____
Defendant                                                          Date

_____     _____
U.S. Probation Officer/Designated Witness        Date

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

### SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $200.00 | Waived | $1,340.57 |

## SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$200.00** is imposed.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of **$1,340.57** is imposed.

The defendant shall make restitution to the following victims in the amounts listed below.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Steven Struck *(address maintained confidentially)* | $1,340.57 | $1,340.57 |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise. If nominal payments are made by the defendant the court authorizes those payments to be made to the victims on a rotating basis.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. § 3664(f)(3)(B), the court orders nominal payments and this is reflected in the Statement of Reasons page.

**Restitution in the amount of $1,340.57 is hereby ordered jointly and severally with: Co-defendants Robert F. Fraser and Teandre L. Altman.**

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; and (7) penalties in full immediately.

### Breakdown of fine and other criminal penalties is as follows:
### Fine: Waived  SMA: $200.00  Restitution: $1,340.57  Cost of Prosecution: None

**The $200.00 monetary assessment shall be paid immediately.** Any payments of the monetary assessment and the fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. The remaining balance shall be paid as follows: In monthly installments of not less than $100 over a period of supervised release to commence within three (3) months from release from custody. The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.